UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN ALEXANDER                    *        CIVIL ACTION

VERSUS                            *        NO. 04-3326

BROADMOOR LLC, et al.             *        SECTION "B"(3)

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 based on the statutory employer rule and the "two-contract" defense. (Rec. Doc. No. 16). **IT IS ORDERED** that Defendant Broadmoor's motion for summary judgment is **GRANTED** for the following reasons.

## Background

On May 2, 2003, Plaintiff, John Alexander, tripped and sustained injuries when debris in the form of a strap wrapped around his ankle while unloading duct and transporting it on the property of Defendant, J.Ray McDermitt, Inc. ("McDermitt"). Plaintiff was an employee of Waynco Sheet Metal, Inc. ("Waynco"). Broadmoor, L.L.C. ("Broadmoor" or "Defendant") contracted with Air Comfort, Inc. ("Air Comfort") to install HVAC system in the offshore living module at McDermott's home in Amelia, Louisiana. In dispute is whether Waynco is a subsidiary of Air Comfort, thereby creating a direct employee relationship with Broadmoor pursuant to relevant contract provisions.

Plaintiff brought suit against Broadmoor, McDermitt, BP Exploration and Production ("BP"), and Boh Bros. Construction

1

Co., L.L.C.[1] On December 6, 2004, the instant action was transferred to this Court from the Eastern District of Texas. (Rec. Doc. No. 1). On June 7, 2005, Defendant Broadmoor brought the instant summary judgment motion arguing Plaintiff's sole remedy is under Louisiana's workers compensation. They argue summary judgment should be granted pursuant to the language in the contract between Broadmoor and Air Comfort or under the two-contract theory.

## **Law and Analysis**

**A. Tort Immunity**

On October 21, 2001, Broadmoor entered into a purchase order with BP to furnish labor and materials for work on a living module to be used offshore. (Rec. Doc. No. 16 at "Ex. C"). In connection with this work, Broadmoor contracted with Air Comfort on November 1, 2001 to install a HVAC system in the module. (Rec. Doc. No. 16 at "Ex. D").

Under the Louisiana Workers' Compensation Act, an employee injured in an accident while in the course and scope of employment is generally limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer. La. R.S. 23:1032A(1)(a); Griffin v. Wickes Lumber Co., 840 So.2d 591, 594 (La.App. 1 Cir. 12/2/02); Dustin v. DHCI Home Health Services, Inc., 95-1989, 673 So. 2d 356, 358 (La.App. 1

---

[1]Suit against Boh Bros. was terminated in May 2005 pursuant to a voluntary stipulation with Plaintiff. (Rec. Doc. No. 14).

Cir. 5/10/96). The Louisiana Revised Statute 23:1061 provides that a principal contractor is liable to pay workers compensation to anyone employed by a subcontractor as though the employee was immediately employed by the principal.

Specifically, La. Rev. Stat. 23:1061 provides:

A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23: 1032(A)(2), undertakes to execute any work, which is part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protection of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under the Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

(2) A statutory employer relationship exist whenever the services to work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor

3

which is the employee's immediate employer or his
statutory employer, which recognizes the principal as a
statutory employer. When the contract recognizes a
statutory employer relationship, there shall be a
rebuttable presumption of a statutory employer
relationship between the principal and the contractor's
employees, whether direct or statutory employees. This
presumption may be overcome only by showing that the
work is not an integral part of or essential to the
ability of the principal to generate that individual
principal's goods, products, or services.

The statutory scheme outlined above provides two methods by
which a principal can establish a statutory relationship and thus
tort immunity attaches: (1) where the contract provides for a
statutory relationship a rebuttable presumption is created and
(2) under the "two-contract" theory. Smith v. Marathon Ashland
Petroleum L.L.C., 04-517, 887 So.2d 613, 616-17 (La.App. 5 Cir.
10/26/04). The facts in the record demonstrate that either
Plaintiff was a direct employee of Broadmoor or that Plaintiff
was an employee of Waynco, Broadmoor had a subcontract with Air
Comfort, which in turn had a verbal subcontract with Waynco.
Under either scenario, tort immunity attaches.

1. Statutory Employee

A written contract between Broadmoor and Air Comfort was
produced. (Rec. Doc. No. 16 at "Ex. C"). In Paragraph 29, the
contract states:

Subcontractor and Broadmoor hereby agree that Broadmoor
be and hereby is designated as the statutory employer
of Subcontractor's direct and statutory employees,
pursuant to La.R.S. 23:1061(A)(3). Subcontractor and
Broadmoor further agree that the services required of
Subcontractor and its direct and statutory employees

4

pursuant to this Agreement, are an integral part of and
essential to Broadmoor's ability to generate goods,
products and services.

Under the contract, if Plaintiff is a direct or statutory
employee of Air Comfort, Plaintiff is then a statutory employee
of Broadmoor. As an employee of a subsidiary of Air Comfort,
Defendant argues that Plaintiff is a statutory employee of
Broadmoor. If this is the case, under either LSA R.S. 23:1032 or
under R.S. 23:1061, Plaintiff is limited to a worker's
compensation remedy against Broadmoor.

Plaintiff disputes that he is a direct Broadmoor employee
and instead avers that he is an employee of Waynco, "performing
sheet metal work on the BP Holstein project." (Rec. Doc. No. 21
at 1). In Plaintiff's opposition brief, Plaintiff states he does
not know whether the Waynco crew was performing work on the
project under a contractual relationship with Air Comfort. (Rec.
Doc. No. 21 at 2). Plaintiff contends that this presents a
material issue of fact. Waynco employees could have been working
pursuant to an independent contract with Defendant, thereby
placing Plaintiff outside the statutory employee provision of the
Broadmoor-Air Comfort contract. Neither party has produced pay
stubs, invoices, or other evidence of the employment
relationship.

Defendant provides a signed affidavit from Bret Babineaux,
the Vice President of both Air Comfort and Waynco which states
that Waynco was a wholly owned subsidiary of Air Comfort at the

time of the accident. (Rec. Doc. No. 33 at "Ex. B"). Further, Babineaux executed the Broadmoor contract on behalf of Air Comfort. Paragraph 4 of his affidavit provides, "[i]n order to perform its work under the Broadmoor Contract, Air Comfort subcontracted with Waynco to fabricate and install ductwork to be incorporated into the [HVAC system]. This subcontract agreement between Air Comfort and Waynco was verbal. Air Comfort paid Waynco from the funds that Air Comfort received from Broadmoor pursuant to the Broadmoor Contract." Further, Plaintiff's deposition testimony refutes his earlier contention that Air Comfort did not direct his work. (Rec. Doc. No. 21 at "Ex. A"). In fact, the day of the accident, Plaintiff reported the incident to Air Comfort and Air Comfort supervisors directed him to perform light duty. (Rec. Doc. No. 33 at "Ex. A").

The evidence supports the finding that Plaintiff was a statutory employee of Broadmoor. In addition to Babineaux's statements, the Defendant presented evidence that Waynco does not have independent workers' compensation insurance, but Plaintiff has been provided benefits by Texas Mutual Insurance Company, the provider for Air Comfort. (Rec. Doc. No. 26 at 5).[2]

Once it is found that a valid written contract establishes a statutory employer relationship, there is a rebuttable presumption between the principal and the contractor's employee that can only be overcome by showing that work is not an integral

---

[2] By providing workers compensation, Air Comfort is immune from suit.

part of or essential to the ability of the principal to generate that principal's good, products, or services. La. R.S. 23:1061(A)(3). Plaintiff's briefs do not address this argument.

## 2. Two-Contract Theory

The remaining question is whether the two-contract theory applies here. To enjoy the tort immunity available under the two-contract theory, Broadmoor must show the following: (1) the defendant entered into a contract with a third-party; (2) pursuant to that contract, work must be performed; and (3) in order for Defendant to fulfill its contractual obligation to perform the work, defendant entered into a subcontract for all or part of the work performed. Duncon v. Balcor Property Management, Inc., 92-0017, 615 So. 2d 985, 989 (La. App. 1st Cir. 4/5/93); Beddingfield v. Standard Construction Co., Inc., 89-0314, 560 So.2d 490, 491-92 (La.App. 1st Cir. 4/10/90). The question of whether subcontractort's work is specialized is irrelevant in the context of two-contract cases. Corchet v. Westminster City Center Properties, 572 So. 2d 720, 723 (La. App. 4th Cir. 1990).

If, as Plaintiff contends, Broadmoor entered into a contract with Waynco, then Broadmoor as a matter of law is entitled to avail itself of the two-contract defense as to Waynco's employees. See Havarty v. Van Duser, No. 98-0146, 2000 WL 533875 at *2 (E.D.La. May 2, 2000), affirmed, 248 F.3d 1142 (5th Cir. 2001). The undisputed facts in the record demonstrate that, if Plaintiff is not a direct Broadmoor employee through Paragraph 29

of the Air Comfort-Broadmoor contract, Waynco still contracted with Air Comfort to perform part of the work Air Comfort was contracted to perform for Broadmoor. The fact that the contract was verbal does not change its existence and import. See id. (finding verbal subcontract agreement established two-contract theory tort immunity). Plaintiff was performing work contemplated in the agreement between Broadmoor and Air Comfort, which subcontracted important work to Waynco. Plaintiff has failed to provide any evidence otherwise beyond mere speculation and conclusory statements insufficient to raise a material issue of fact. The "two-contract" theory applies. See Taylor v. Broadmoor Corp., 623 So.2d 674 (La. App. 4th Cir. 1993).

Even though there is an issue of fact in dispute regarding whether the Plaintiff was a direct Broadmoor employee or an employee of a Air Comfort subcontractor, it is not material because it does not change Broadmoor's immunity from tort liability due to the two-contract theory.

New Orleans, Louisiana, this 21st day of March, 2006.

IVAN L.R.LEMELLE
UNITED STATES DISTRICT JUDGE