UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN ALEXANDER                    *        CIVIL ACTION

VERSUS                            *        NO. 04-3326

BROADMOOR LLC, et al.             *        SECTION "B"(3)

ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant, BP Exploration and Production, Inc., pursuant to Federal Rule of Civil Procedure 56. (Rec. Doc. No. 47). For the following reasons, Defendant's motion is hereby **GRANTED.**

Background

On May 2, 2003, Plaintiff, John Alexander, tripped and sustained injuries when debris in the form of a strap wrapped around his ankle while unloading duct and transporting it on the property of Defendant, J.Ray McDermott, Inc. ("McDermott").

Plaintiff was an employee of Waynco Sheet Metal, Inc. ("Waynco"). Defendant BP Exploration and Production ("BP") entered into a Yard Utilization Contract with McDermott to use McDermott's fabrication yard for the construction of offshore structures. (Rec. Doc. No. 47 at "Ex. 1"). BP contracted with Broadmoor, L.L.C. ("Broadmoor") to furnish labor and materials for the construction of living modules to be incorporated into those structures. Broadmoor, in turn, contracted with Air Comfort, Inc. ("Air Comfort") to install an HV/AC system in the offshore living module. The Agreement for the Outfitting of

1

Integrated Living Quarters between Broadmoor and BP specifically provides:

> In all cases where [Broadmoor][1] employees (defined to include Contractor's and its Subcontractors' direct, borrowed, special, or statutory employees) are performing work in or offshore of the State of Louisiana, or are otherwise covered by the Louisiana Worker's Compensation Act, La. R.S. 23:1021 et seq., if any, [BP] and [Broadmoor] agree that all work and operations performed by [Broadmoor] and [Broadmoor's] employees purusant to this Contract are an integral part of and are essential to the ability of [BP] to generate [BP's] goods, products, and services for the purpose of La. R.S. 23:1061(A)(1). Furthermore, [BP] and [Broadmoor] agree that [BP] is the statutory employer of [Broadmoor's] employees for purposes of La. R.S. 23:1061(A)(3) and that [BP] shall be entitled to the protections afforded a statutory employer under Louisiana law.

(Rec. Doc. No. 47 at "Ex. A. Art. 16"). A similar provision in the agreement between Broadmoor and Air Comfort created a statutory employer-employee relationship with Air Comfort employees. (Rec. Doc. No. 47 at "Ex. B at ¶ 29").[2]

Plaintiff brought suit against Broadmoor,[3] McDermott, BP, and Boh Bros. Construction Co. L.L.C.[4] in the Eastern District of Texas. On December 6, 2004, the instant action was transferred to

---

[1]This provision of the contract used the terms "Contractor," referring to Broadmoor, and "Company," referring to BP.

[2]On March 31, 2006, the Court found a statutory employment relationship existed between Plaintiff, a Waynco employee, and Broadmoor.(Rec. Doc. No. 34)

[3]The Court granted summary judgment in favor of Broadmoor in a prior order, finding Plaintiff's sole remedy is under Louisiana's workers compensation. (Rec. Doc. No. 34).

[4]Suit against Boh Bros. was terminated in May 2005 pursuant to a voluntary stipulation with Plaintiff. (Rec. Doc. No. 14).

this Court. (Rec. Doc. No. 1). On June 12, 2006, BP filed the instant motion for summary judgment based on the two-contract theory of the statutory employer defense. (Rec. Doc. No. 47).

## LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56©). See also Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party; the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.  Webb v. Cardiothoracic Surgery Associates of North Texas, 139 F.3d 532, 536 (5th Cir. 1998). The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. Id.  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  Travelers Ins. Co. v. Liljeberg Enter., Inc., 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Discussion**

Under the Louisiana Workers' Compensation Act, an employee injured in an accident while in the course and scope of employment is generally limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer, and may not sue his employer or any principal in tort. La. R.S. 23:1032A(1)(a); Oliver v. Day & Zimmerman, 2006 U.S.Dist. LEXIS 6647, *2 (E.D.La. 2006); Griffin v. Wickes Lumber Co., 840 So.2d 591, 594 (La.App. 1 Cir. 12/2/02); Dustin v. DHCI Home Health Services, Inc., 95-1989, 673 So. 2d 356, 358 (La.App. 1 Cir. 5/10/96). The Louisiana Revised Statute 23:1061 provides that a principal contractor is liable to pay workers compensation to anyone employed by a subcontractor as though the employee was immediately employed by the principal.

Specifically, La. Rev. Stat. 23:1061 provides:

A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23: 1032(A)(2), undertakes to execute any work, which is part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protection of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under the Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the

4

employee under the employer by whom he is immediately
employed. For purposes of this Section, <u>work shall be
considered part of the principal's trade, business, or
occupation if it is an integral part of or essential to
the ability of the principal to generate that
individual principal's goods, products, or services.</u>

    (2) A statutory employer relationship exist
<u>whenever the services to work provided by the immediate
employer is contemplated by or included in a contract
between the principal and</u> any person or <u>entity other
than the employee's immediate employer</u>.

    (3) Except in those instances covered by Paragraph
(2) of this Subsection, a statutory employer
relationship shall not exist between the principal and
the contractor's employees, whether they are direct
employees or statutory employees, <u>unless there is a
written contract between the principal and a contractor
which is the employee's immediate employer or his
statutory employer, which recognizes the principal as a
statutory employer</u>. When the contract recognizes a
statutory employer relationship, there shall be a
rebuttable presumption of a statutory employer
relationship between the principal and the contractor's
employees, whether direct or statutory employees. This
presumption may be overcome only by showing that the
work is not an integral part of or essential to the
ability of the principal to generate that individual
principal's goods, products, or services.

The statutory scheme outlined above provides two methods by
which a principal can establish a statutory relationship and the
consequential tort immunity will attach: (1) where the contract
provides for a statutory relationship a rebuttable presumption is
created and (2) under the "two-contract" theory. <u>Smith v.
Marathon Ashland Petroleum L.L.C.</u>, 04-517, 887 So.2d 613, 616-17
(La.App. 5 Cir. 10/26/04). The contractor's work is considered
part of the principal's trade if it "is an integral part of or
essential to the ability of the principal to generate that

5

individual principal's goods, products, or services." La. R.S. 23:1032A(3). <u>See</u> <u>Oliver</u>, 2006 U.S. Dist. LEXIS 6647 at *3.

The contract between BP and Broadmoor, as noted above, explicitly recognizes BP as the statutory employer of Broadmoor's employees. Broadmoor's employees are defined to include any direct or statutory employees of Broadmoor's subcontractors. (Rec. Doc. No. 47 at "Ex. A. Art. 16"). Based on the plain language of the contract, plaintiff is a statutory employee of Broadmoor, pursuant to the contract between Broadmoor and Air Comfort, the company which wholly owned Waynco, and this Court's prior order and reasons; (Rec. Doc. No. 47 at "Ex. B at ¶ 29"). <u>See</u> <u>Oliver</u>, 2006 U.S. Dist. LEXIS 6647 (finding statutory employer relationship where contract provides for one); <u>Brown v. BASF Corp.</u>, 2003 U.S. Dist. LEXIS 596, * 5 (E.D.La. January 14, 2003) (same).

Finally, according to the La. Rev. Stat. 23:1061, a valid written contract establishes a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employee that can only be overcome by showing the work performed is not an integral part of or essential to the ability of the principal to generate that principal's good, products, or services. La. R.S. 23:1061(A)(3). Plaintiff argues that he overcomes the presumption because BP is an oil and gas company and Waynco/Air Comfort are in the business of installing air conditioners. (Rec. Doc. No. 52 at 12). In support of this position, Plaintiff incorrectly points the Court to cases in

6

which no writing explicitly created a statutory employer-employee relationship between the parties; (Rec Doc. No. 52 at 15-17), or cases prior to the Louisiana legislature's amendments to the statutory employer definition (Rec. Doc. No. 52 at 12-14).

Moreover, courts have frequently found that certain work which is ancillary to the statutory employer's operations is nevertheless essential to the ability of the statutory employer's operations. See Johnson v. Tennessee Gas Pipeline Co., 99 F.Supp.2d 755 (E.D.La. 2000) (finding that contractor's work of performing catering services onboard an oil and gas compressor facility was integral and essential to the statutory employer's ability to operate its oil and gas compressor facility); Applegarth v. Transamerican Refining Corp., 781 So.2d 804 (La. App. 5th Cir. Feb. 28, 2001), writ denied, 792 So.2d 738 (La. 2001) (upholding summary judgment where contractor performed construction at a refinery where the refinery was not engaged in providing construction services).

For example, a district court found summary judgment on behalf of the employer where a security guard filed suit against Chalmette Refining, Inc., a corporation engaged in the refining and marketing of petroleum products. Oliver, 2006 U.S. Dis. LEXIS 6647 at *2. The Court disagreed with plaintiffs' conclusory argument that security guards were not necessary to Chalmette Refinery's business. Chalmette produced an affidavit from the security supervisor averring that the security was necessary to continue the operation of the refinery. Id. at *4.

7

Likewise, the Plaintiff makes conclusory statements: "[f]abricating and installing air conditioning duct on oilrigs is not an integral part or essential to BP's production or exploration for oil. . . . [Air conditioning] not an integral part of or essential to oil exploration." (Rec. Doc. No. 52 at 12). BP countered that this particular project of BP, sitting 150 miles south of New Orleans, makes daily crew changes impracticable. Living quarters are an essential part of BP's operations in this instance. Further, air conditioning is important to the offshore living quarters BP must provide to its employees. (Rec. Doc. No. 59 at 3). Moreover, the contract between BP and Broadmoor specifically provide that Plaintiff's work, as a statutory employee, is considered an integral and essential part of BP's operations. <u>See</u> (Rec. Doc. No. 47 at "Ex. A. Art. 16") ("operations performed by [Broadmoor] and [Broadmoor's] employees pursuant to this Contract are an integral part of and are essential to the ability of [BP] to generate [BP's] goods, products, and services for the purpose of La. R.S. 23:1061(A)(1)"). <u>See also</u> <u>Applegarth v. Transamerican Refining Corp.</u>, 781 So.2d at 807 ("Constructing a retaining wall around the oil tanks and laying cement for the installation of pipe racks is essential to the ability of the refinery to generate its goods, products, or services"). Plaintiff has not shown his employment was not an integral part of BP's operations and thus has failed to rebut the presumption that he is a statutory employee of BP.

For the foregoing reasons, the Court **GRANTS** summary judgment on behalf of Defendant BP. All claims against BP are hereby dismissed.[5]

New Orleans, Louisiana, this <u>10th</u> day of <u>July</u>, 2006.

                      IVAN. L.R. LEMELLE

             UNITED STATES DISTRICT JUDGE

---

[5]Due to the finding of summary judgment above, the Court finds no need to conduct an analysis regarding the two-contract defense.

9